## McGAHIE v. SPROAT.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

DAMAGES—PERSONAL INJURIES—EXCESSIVE DAMAGES.

In an action for personal injuries, where the plaintiff had her arm broken in three places and the injuries were permanent, and she sustained other bruises about the arm and body, so that she was confined to her home for upwards of four months, suffered severe pain and was taken to a hospital, and had her arm pulled and twisted by the surgeons and put into plaster and different applications made from time to time, and she suffered from affliction of the stomach and liver, which continued at the time of the trial, an award of $1,500 damages was not excessive.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 372, 379.]

Rich, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Jennie McGahie against John A. Sproat, administrator of Bridget F. McClennen. From an order granting a motion to set aside a verdict in favor of plaintiff unless it should be reduced from $1,500 to $500, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Mitchell May, for appellant.
Francis B. Mullin, for respondent.

PER CURIAM. The action is for negligence. There was a collision between the plaintiff's carriage and that of the defendant, and as a consequence the plaintiff suffered bodily injuries. The jury rendered a verdict of $1,500 in her favor. The motion of defendant on the

minutes to set aside the verdict and for a new trial on the ground "that the verdict is excessive, against the evidence, and the weight of the evidence, and as unsupported by the evidence, and contrary to the evidence and the law, and upon the grounds specified in section 999 of the Code of Civil Procedure, was granted, the verdict vacated and set aside, and a new trial ordered unless the plaintiff stipulated within five days to reduce the verdict to $500, in which case the motion was denied. The learned trial justice filed a memorandum as follows:

"This case is a stale and doubtful one, but I have concluded to let the verdict stand if plaintiff stipulates to reduce it to $500."

We naturally conclude from the order, read with the memorandum, that the learned court thought that a verdict for $500 would have been proper. The disposition of the case was a reduction of the verdict. We think that, if the damages were not excessive, the order should be reversed and the verdict reinstated. The plaintiff complained that her right arm was broken in three places below the elbow, that such injuries were permanent, and that she sustained other bruises about the arm and body, so that she was confined to her home for upwards of four months and suffered severe pain and anguish. It appears from her testimony that she was thrown to the ground, striking her left hip, and that, as she raised her arm to protect her face from the hoof of a kicking horse, she was kicked in the arm. She was confined three weeks to her bed, and was attended by Drs. Rushmore and Corbally. Her arm was broken in three places. It was taken out of the splint, examined, and replaced in the splint. She was taken to the hospital and there photographed by X-rays. Her arm was then pulled and twisted by the surgeons and put into plaster, and different applications were thereafter made from time to time—a metal splint, a cardboard splint, and bandages. She also suffered from affliction of the stomach and liver, which continued at the time of the trial. She was confined to the house for three months, and suffered from constant fainting spells. Her arm often pains her when she turns it or attempts to lift a heavy book or the like, and her fingers are stiff. Dr. John D. Rushmore, an eminent surgeon of this city, who was the consultant, found a fracture and a break of both bones of the forearm between the wrist and elbow; and he also corroborated in part the plaintiff's testimony as to her treatment. Dr. Corbally, the attending physician, testified to the fracture; that she was severely bruised on the arm and legs and on the thigh, and said that he found "an internal disturbance"; that congestion of the abdominal organs was developed; "severe congestion, a severe injury." He testified that he attended her a year or two "for this trouble," which in his opinion was the result of the accident. No medical evidence was offered by the defendant. We think that, while the verdict was liberal, it was not so excessive as to justify an interference with a matter which is peculiarly and primarily for the jury.

The order is reversed, with costs, and the verdict is reinstated.

RICH, J., dissents.